B2650 (Form 2650) (12/15)

# United States Bankruptcy Court

______________ District Of ______________

| | | |
|---|---|---|
| In re PHILIP ANDREW MACKEN, | ) | |
| Debtor | ) | Case No. 23-20950-HLB |
| | ) | |
| | ) | Chapter ______________ |
| ______________________________, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| ______________________________, | ) | Adv. Proc. No. ____________ |
| Defendant | ) | |

## CERTIFICATION OF JUDGMENT FOR REGISTRATION IN ANOTHER DISTRICT

I, clerk of the United States Bankruptcy Court, do certify that the attached judgment is a true and correct copy of the original judgment entered in this proceeding on 4/16/26 (date) as it appears in the records of this court, and that:

☒ No notice of appeal from this judgment has been filed, and no motion of the kind set forth in Federal Rule of Civil Procedure 60, as made applicable by Federal Rule of Bankruptcy Procedure 9024, has been filed.

☐ No notice of appeal from this judgment has been filed, and any motions of the kind set forth in Federal Rule of Civil Procedure 60, as made applicable by Federal Rule of Bankruptcy Procedure 9024, have been disposed of, the latest order disposing of such a motion having been entered on ______________ (date).

☐ An appeal was taken from this judgment, and the judgment was affirmed by mandate of the ______________ (name of court) issued on ______________ (date).

☐ An appeal was taken from this judgment, and the appeal was dismissed by order entered on ______________ (date).

UNITED STATES BANKRUPTCY COURT DISTRICT OF NEVADA

4/16/26
Date

/s/ Dan Owens
Clerk of the Bankruptcy Court

By: ______________
Deputy Clerk

Honorable Hilary L. Barnes
United States Bankruptcy Judge

Entered on Docket
May 15, 2025

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

In re:

PHILIP ANDREW MACKEN,

Debtor.

Case No. 23-50950-HLB

Chapter 13

**ORDER APPROVING STIPULATION REGARDING PROPOSED AMENDMENT TO SCHEDULING ORDER AND PENDING DISCOVERY RE DEBTOR'S OBJECTION TO CLAIM 9 (DOC. 73)**

Judge: The Honorable Hilary L. Barnes

The Court, having reviewed and considered the Stipulation Regarding Proposed Amendment to Scheduling Order and Pending Discovery re Debtor's Objection to Claim 9 [Doc. #73], and for good cause appearing:

IT IS HEREBY ORDERED that the Stipulation is APPROVED.

IT IS FURTHER ORDERED that the hearing on Debtor's motion to Extend Discovery to Allow Debtor to Produce an Expert Report [Doc. 174] scheduled for May 20, 2025 at 2:30 p.m. is hereby vacated and the Motion is withdrawn.

IT IS FURTHER ORDERED that the Status hearing set for August 5, at 2:30 p.m. is hereby vacated and will be heard on November 18, 2025, at 1:30 p.m.

IT IS SO ORDERED.

Submitted by:

DEMETRAS LAW

*/s/ J. Craig Demetras*
By: J. Craig Demetras

I CERTIFY THAT THIS IS A TRUE COPY:
DATED: September 10, 2025
ATTEST: Maya Sherman
Case Administrator
Digitally signed by Maya Sherman
Date: 2025.09.10 16:27:35 -07'00'

Case 23-50950-hlb Doc 182 Entered 05/15/25 10:53:31 Page 2 of 5

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>PHILIP ANDREW MACKEN,<br><br>Debtor. | Case No. 23-50950-HLB<br><br>Chapter 13<br><br>**STIPULATION REGARDING PROPOSED AMENDMENT TO SCHEDULING ORDER AND PENDING DISCOVERY RE DEBTOR'S OBJECTION TO CLAIM 9 (DOC. 73)**<br><br>Judge: The Honorable Hilary L. Barnes |

On May 13, 2025, counsel for the United States and counsel for Debtor Andrew Philip Macken and his wife, Dolores Webb Macken, met and conferred regarding Mr. Macken's pending Motion to Extend Discovery to Allow Debtor to Produce an Expert Report. (Doc. 174.) In light of counsels' negotiations and respective discussions with their clients, the parties hereby file this stipulation regarding a proposed amendment to the Scheduling Order and pending discovery deadlines and move this Court to adopt the following Stipulation:

1. The Mackens agree that the anticipated proceeds due to Mrs. Macken from the probate matter *In re General William Mills*, Case No. PB-2024-00004, Pawnee County, Oklahoma District Court, will be paid directly to the United States in partial satisfaction of the Proof of Claim at issue. The Mackens will ensure that the required documentation will be filed with the probate court needed to secure such payment.
2. With the Court's permission, the parties will reopen discovery for a period of six months with the below proposed deadlines. The parties will not move for any

discovery extensions absent extraordinary circumstances. The discovery may include re-opening the depositions of Philip Macken and Dolores Webb Macken.

3. Mr. Macken will withdraw the pending Motion to Extend Discovery to Allow Debtor to Produce an Expert Report. (Doc. 174.)

4. Mr. Macken will amend his Schedule A/B to disclose all ownership interests in non-publicly traded stock and interests in incorporated and unincorporated businesses, including but not limited to RPM Consulting Group, LLC and Majestic Mountain View Ranch, Inc.

5. Mr. Macken agrees that the deadline for the United States to respond to his first set of interrogatories and requests for production currently set for May 16, 2025 is extended to June 13, 2025.

6. The deposition of Revenue Agent Benjamin Hamilton currently set for May 20, 2025 will be continued to an undetermined later date.

In conjunction with the above stipulation, the parties also move this Court to vacate its previous scheduling order in this matter (Doc. 173) and to adopt a modified scheduling order, as follows:

Deadline to disclose expert: August 8, 2025.

Deadline to disclose rebuttal expert: September 30, 2025.

Deadline for the Parties to issue written discovery: October 10, 2025.

Close of Discovery: November 10, 2025.

Deadline to file dispositive motions: December 9, 2025.

The currently scheduled settlement conference before Judge Jaime set for July 17, 2025 is vacated.

The currently scheduled status hearing set for August 5, 2025 is vacated.

The parties will request the Court to set a status hearing at the Court's convenience after the close of discovery on November 10, 2025.

At the status hearing, the parties will request the Court to set a mandatory settlement

conference, trial date, and pre-trial deadlines.

Dated: May 14, 2025

/s/ Patrick Burnett
PATRICK R. BURNETT
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044

*Counsel for the United States*

Dated: May 14, 2025

/s/ J. Craig Demetras
JAMES CRAIG DEMETRAS
Demetras Law
230 East Liberty St.
Reno, NV 89501
(775) 348-4600
jcd@demetraslaw.com

*Counsel for Philip and Dolores Macken*

Case 23-10990-hlb Doc 182 Entered 05/15/25 10:53:31 Page 5 of 5

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Demetras Law and that on May 14, 2025, the foregoing document was served via ECF automated system to all ECF registered parties existing in this case.

Dated: May 14, 2025.

/s/ Julie Ann Raum
Employee of Demetras Law

**Fill in this information to identify the case:**

Debtor 1 PHILIP ANDREW MACKEN

Debtor 2 (Spouse, if filing) ______

United States Bankruptcy Court for the: District of NEVADA (State)

Case number 23-50950-HLB

Official Form 410

# Proof of Claim

**12/24**

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Department of Treasury - Internal Revenue Service Creditor Number : 12151849
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor ______

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? ______

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
| --- | --- |
| Name: Internal Revenue Service | Name: Internal Revenue Service |
| Number Street: P.O. Box 7346 | Number Street: P.O. Box 7317 |
| City: Philadelphia, State: PA, ZIP Code: 19101-7346 | City: Philadelphia, State: PA, ZIP Code: 19101-7317 |
| Contact phone: 1-800-973-0424 | Contact phone: 1-800-973-0424 |
| Contact email: ______ | Contact email: ______ |

Uniform claim identifier (if you use one): __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) ______ Filed on ______ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? ______

I CERTIFY THAT THIS IS A TRUE COPY:
DATED: September 11, 2025
ATTEST: Maya Sherman Digitally signed by Maya Sherman Date: 2025.09.11 08:14:37 -07'00'
Case Administrator

UNITED STATES BANKRUPTCY COURT DISTRICT OF NEVADA

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

6. **Do you have any number you use to identify the debtor?**

☐ No
☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: See Attachment

7. **How much is the claim?** $ 1,333,094.95. **Does this amount include interest or other charges?**

☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Taxes

9. **Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: ____________

**Basis for perfection:** ____________

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property**: $____________

**Amount of the claim that is secured:** $____________

**Amount of the claim that is unsecured:** $____________(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $____________

**Annual Interest Rate** (when case was filed)_______%

☐ Fixed
☐ Variable

10. **Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $____________

11. **Is this claim subject to a right of setoff?**

☐ No
☑ Yes. Identify the property: See attachment

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☑ Yes. *Check one:*

| | **Amount entitled to priority** |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $____________ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $____________ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $____________ |
| ☑ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ 692,641.59 |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $____________ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $____________ |

* Amounts are subject to adjustment on 04/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 02/26/2025
MM / DD / YYYY

/s/ AIXA KASSIM
Signature

**Print the name of the person who is completing and signing this claim:**

Name: AIXA (First name) ______ (Middle name) KASSIM (Last name)

Title: Bankruptcy Specialist

Company: Internal Revenue Service
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: Insolvency Group 8 1301 Clay St, M/S 1400S
Number Street
Oakland (City) CA (State) 94612 (ZIP Code)

Contact phone: 510-907-5070 Email: aixa.kassim@irs.gov

# Proof of Claim for Internal Revenue Taxes

Form 410
Attachment

Department of the Treasury/Internal Revenue Service

**In the Matter of:** PHILIP ANDREW MACKEN
AKA PHIL A. MACKEN
1440 STONEGATE COURT
GARDNERVILLE, NV 89410

Case Number
23-50950-HLB

Type of Bankruptcy Case
CHAPTER 13

Date of Petition
12/14/2023

The United States has the right of setoff or counterclaim. However, this determination is based on available data and is not intended to waive any right to setoff against this claim debts owed to this debtor by this or any other federal agency. All rights of setoff are preserved and will be asserted to the extent lawful.

11 USC 523(a)(1)&(7) GENERAL UNSECURED CLAIMS MAY BE NON-DISCHARGEABLE

**Unsecured Priority Claims** under section 507(a)(8) of the Bankruptcy Code

| *Taxpayer ID Number* | *Kind of Tax* | *Tax Period* | *Date Tax Assessed* | *Tax Due* | *Interest to Petition Date* |
|---|---|---|---|---|---|
| XXX-XX-1194 | INCOME | 12/31/2019 | Tax proposed off of a final | $225,728.00 | $41,652.65 |
| XXX-XX-1194 | INCOME | 12/31/2020 | assessment | $66,982.00 | $9,700.50 |
| XXX-XX-1194 | INCOME | 12/31/2021 | | $106,861.00 | $11,811.66 |
| XXX-XX-1194 | INCOME | 12/31/2022 | | $218,988.00 | $10,917.78 |
| | | | | $618,559.00 | $74,082.59 |

**Total Amount of Unsecured Priority Claims: $692,641.59**

**Unsecured General Claims**

| *Taxpayer ID Number* | *Kind of Tax* | *Tax Period* | *Date Tax Assessed* | *Penalty* | *Interest to Petition* Date |
|---|---|---|---|---|---|
| XXX-XX-1194 | PENALTY | 12/31/2019 | | $169,296.00 | $27,435.40[1] |
| XXX-XX-1194 | PENALTY | 12/31/2019 | | $56,432.00 | $9,145.14[2] |
| XXX-XX-1194 | PENALTY | 12/31/2020 | | $50,236.50 | $6,416.84[3] |
| XXX-XX-1194 | PENALTY | 12/31/2020 | | $16,745.50 | $2,138.94[4] |
| XXX-XX-1194 | PENALTY | 12/31/2021 | | $80,145.75 | $6,800.58[5] |
| XXX-XX-1194 | PENALTY | 12/31/2021 | | $24,915.25 | $2,114.13[6] |
| XXX-XX-1194 | PENALTY | 12/31/2022 | | 164,241.00 | $2,173.91[7] |
| XXX-XX-1194 | PENALTY | 12/31/2022 | | $21,926.20 | $290.22[8] |
| | | | | $0.00 | $56,515.16 |

Penalty to date of petition on unsecured general claims (including interest thereon) . . . . . .$583,938.20

**Total Amount of Unsecured General Claims: $640,453.36**

*Continued from Page 1*

**_1- The penalty is issued pursuant to 26 U.S.C. § 6663 and is nondischargeable pursuant 11 U.S.C. § 523(a)(7).**
**– 2- The penalty is issued pursuant to 26 U.S.C. § 6651(a)(1).**
**– 3- The penalty is issued pursuant to 26 U.S.C. § 6663 and is nondischargeable pursuant 11 U.S.C. § 523(a)(7).**
**– 4- The penalty is issued pursuant to 26 U.S.C. § 6651(a)(1) and is nondischargeable pursuant 11 U.S.C. § 523(a)(7).**
**– 5- The penalty is issued pursuant to 26 U.S.C. § 6663 and is nondischargeable pursuant 11 U.S.C. § 523(a)(7).**
**– 6- The penalty is issued pursuant to 26 U.S.C. § 6651(a)(1) and is nondischargeable pursuant 11 U.S.C. § 523(a)(7).**
**– 7- The penalty is issued pursuant to 26 U.S.C. § 6663 and is nondischargeable pursuant 11 U.S.C. § 523(a)(7).**
**– 8- The penalty is issued pursuant to 26 U.S.C. § 6651(a)(1) and is nondischargeable pursuant 11 U.S.C. § 523(a)(7).**